**STATE of Minnesota, Respondent,**

v.

**Marlin Ashanti McELROY, Appellant.**

No. A12–0921.

Court of Appeals of Minnesota.

April 8, 2013.

Lori Swanson, Attorney General, St. Paul, MN, Susan L. Segal, Minneapolis City Attorney, Zenaida Chico, Assistant City Attorney, Minneapolis, MN, for respondent.

William M. Ward, Chief Public Defender, Peter W. Gorman, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by WORKE, Presiding Judge; KALITOWSKI, Judge; and SCHELLHAS, Judge.

## OPINION

WORKE, Judge.

Appellant challenges his conviction for violating a Minneapolis sound-amplification ordinance, arguing that (1) the ordinance is unconstitutionally vague and overbroad; (2) the state failed to prove the element of amplification beyond a reasonable doubt; and (3) the district court erred by instructing the jury that it must reach a verdict. We affirm.

## FACTS

Appellant Marlin Ashanti McElroy was charged with violating the Minneapolis ordinance that restricts the volume of amplified sounds from vehicles and disorderly conduct. *See* Minneapolis, Minn., Code of Ordinances (MCO) § 389.65(a)(5) (2011); Minn.Stat. § 609.72 (2010). Appellant moved to dismiss the restricted-amplified-sound charge as unconstitutional. The district court denied the motion, and proceeded with a jury trial.

The citing officer testified that at approximately 4:00 p.m. he was directing traffic at an intersection in downtown Min-

neapolis. From well over 150 feet away from appellant's vehicle, the officer heard "music" or a "loud bass sound" coming from the vehicle. The officer stopped appellant's vehicle and asked appellant to turn down his music. Appellant ignored his request and drove away. When appellant stopped at a stop light, the officer approached the vehicle and, again, told appellant to turn down his music, which he eventually did. A jury found appellant not guilty of disorderly conduct, but guilty of violating the amplified-sound-from-vehicles ordinance. This appeal follows.

## ISSUES

I. Is the Minneapolis ordinance that restricts amplified sound from vehicles operated on a public street constitutional?

II. Is the evidence sufficient to support the jury's verdict that appellant violated the noise ordinance?

III. Did the district court properly instruct the jury?

## ANALYSIS

### Constitutionality

■■■ Appellant argues that a Minneapolis ordinance restricting amplified sound from vehicles is unconstitutional. "The constitutionality of an ordinance is a question of law [that] this court reviews de novo." *Hard Times Cafe, Inc. v. City of Minneapolis*, 625 N.W.2d 165, 171 (Minn. App.2001) (quotation omitted). Ordinarily, ordinances are "afforded a presumption of constitutionality, [but] ordinances restricting First Amendment rights[1] are not so presumed." *State v. Castellano*, 506 N.W.2d 641, 644 (Minn.App.1993). The

government bears the burden of proving the need for the ordinance. *Id.*

### Vague

■■■ Appellant argues that the Minneapolis ordinance is unconstitutionally vague. "The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *State v. Bussmann*, 741 N.W.2d 79, 83 (Minn.2007) (quotation omitted). "[A] law is impermissibly vague when it fails to draw a reasonably clear line between lawful and unlawful conduct." *City of Mankato v. Fetchenhier*, 363 N.W.2d 76, 78 (Minn.App.1985). An ordinance is void for vagueness if a person must guess at its meaning. *Hard Times Cafe*, 625 N.W.2d at 171.

The ordinance prohibits

the operation of any electronic device used for the amplification of music or other entertainment, which is located within a motor vehicle being operated on a public street or alley, or in commercial or residential parking facilities, which is audible by any person from a distance of fifty (50) feet or more from the vehicle.

MCO § 389.65(a)(5). An ordinary person can understand what is prohibited: a person cannot play music/entertainment in a vehicle so loudly that the music is audible from 50 feet away.

Appellant argues that the ordinance is vague because there was only one listener, the police officer. He claims that none of the individuals standing on the street testified that the music was audible. But the ordinance requires only that the music be

---

[1]. Music and the amplification of sound are protected under the First Amendment. *See Ward v. Rock Against Racism*, 491 U.S. 781, 790, 803, 109 S.Ct. 2746, 2753, 2760, 105 L.Ed.2d 661 (1989); *Saia v. New York*, 334 U.S. 558, 559–60, 68 S.Ct. 1148, 1149, 92 L.Ed. 1574 (1948).

audible "by any person from a distance of fifty (50) feet or more from the vehicle." *Id.* The ordinance does not require multiple auditors. The Minneapolis ordinance provides fair warning of the conduct that is prohibited. It also provides an objective guideline—distance—so as to eliminate arbitrary enforcement. *See State v. Catalano,* 104 So.3d 1069, 1076 (Fla.2012).

*Overbroad*

■■■■ Appellant also argues that the ordinance is overbroad because it limits protected conduct and the government does not have a compelling reason for the restriction. An ordinance is overbroad on its face "if it prohibits constitutionally protected activity, in addition to activity that may be prohibited without offending constitutional rights." *State v. Machholz,* 574 N.W.2d 415, 419 (Minn.1998). An ordinance "should only be overturned as facially overbroad when the [ordinance's] overbreadth is substantial." *Id.*

Appellant argues that this ordinance is similar to the statute in *Catalano* that the Florida Supreme Court held was unconstitutionally overbroad. 104 So.3d at 1080. The Florida statute, however, had exceptions to the restrictions on sound amplification for motor vehicles "used for business or political purposes." *Id.* at 1073. For that reason, the court determined that the statute was not content neutral because it did not apply equally to "music, political speech, and advertising." *Id.* at 1079. Because the statute was content-based, the supreme court conducted a strict-scrutiny analysis to determine whether the statute was a reasonable restriction serving the state's compelling interests in traffic safety and protecting the public from excessively loud noise on public streets. *Id.; see also Grayned v. City*

*of Rockford,* 408 U.S. 104, 116, 92 S.Ct. 2294, 2303, 33 L.Ed.2d 222 (1972) (determining that government has compelling interest in protecting the public from excessively loud noise). The Florida Supreme Court concluded that it was unclear how the statute advanced those interests by restricting only noncommercial speech. *Catalano,* 104 So.3d at 1080. The court held that the statute was not narrowly tailored to achieve the state's interests, and, was thus, unconstitutionally overbroad. *Id.*

Here, the Minneapolis ordinance is a content-neutral regulation because it regulates all music and entertainment amplified from a vehicle. While appellant argues that the ordinance has exceptions similar to the statute at issue in *Catalano,* that is a misreading of the ordinance. The Minneapolis ordinance includes exceptions that relate to the issuing of permits for sound—amplifying equipment. *See* MCO §§ 389.65(a)(5), .105 (2011). But the ordinance includes no exception regulating the content of the sound—it applies equally to all sound.[2] Additionally, appellant failed to raise the issue of exceptions in the district court.

Because this ordinance is content neutral, we must next consider whether the ordinance's limitation on speech (music) is "substantially broader than necessary" to achieve the objective of ensuring that the government interest in controlling noise is served. *Ward,* 491 U.S. at 798–800, 109 S.Ct. at 2757–58 (holding that the government's "regulation of the time, place, or manner of protected speech must be narrowly tailored to serve the government's legitimate, content-neutral interests but

**2.** Appellant also cites to exceptions found in the Minneapolis noise ordinance. *See* MCO § 389.60(c) (2011). But those exceptions are not related to the specific ordinance at issue here regarding amplified sound from vehicles; thus, they are inapplicable.

that it need not be the least restrictive or least intrusive means of doing so").

This ordinance does not ban the amplification of music or entertainment in a vehicle; rather, it limits only volume. Thus, appellant's enjoyment of music or entertainment is not prohibited. Further, the government has a legitimate interest in controlling the noise level on streets: as appellant conceded at oral argument, limiting amplification of sound protects the peace and quiet of other persons also using the sidewalks and streets. This ordinance is not unconstitutionally overbroad.

### Sufficiency of the evidence

▇▇ Appellant argues that the state failed to prove each element of the charged offense beyond a reasonable doubt. In considering a claim of insufficient evidence, this court's review is limited to an analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction, is sufficient to allow the jurors to reach the verdict that they did. *State v. Webb,* 440 N.W.2d 426, 430 (Minn.1989). The reviewing court must assume that "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore,* 438 N.W.2d 101, 108 (Minn.1989). The reviewing court will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the charged offense. *Bernhardt v. State,* 684 N.W.2d 465, 476–77 (Minn.2004).

The jury found appellant guilty of violating Minneapolis ordinance 389.65, which prohibits amplified sound from vehicles. The state was required to show that music or entertainment was amplified from appellant's vehicle while he operated his vehicle on a public street and the music was audible by any person from at least 50 feet away.

Viewing the evidence in the light favorable to the jury's verdict, the officer testified that he was directing traffic at an intersection in downtown Minneapolis when he heard music from appellant's vehicle that was well over 150 feet away from him. Appellant contends that the state failed to show that appellant's music was amplified. But the officer testified that he heard "music" or a "loud bass sound" coming from the vehicle and that the sound he heard was coming from a radio. Appellant asserts that he testified that there was no booming sound coming from his radio, but the jury did not believe this testimony. *See State v. Cooper,* 561 N.W.2d 175, 179 (Minn.1997) (stating that the verdict is given due deference because the jury was in the best position to weigh the evidence and determine the credibility of the witnesses). The evidence is sufficient to sustain jury's verdict.

### Jury instructions

▇▇ Appellant argues that the district court committed reversible error by instructing the jury that it must reach a decision. District courts are allowed "considerable latitude" in their selection of language for jury instructions. *State v. Baird,* 654 N.W.2d 105, 113 (Minn.2002). "An instruction is in error if it materially misstates the law." *State v. Kuhnau,* 622 N.W.2d 552, 556 (Minn.2001).

▇▇ Appellant failed to object to the jury instructions. "Failure to object to jury instructions ... generally constitutes a forfeiture of the right to an appeal based on those instructions." *State v. Vance,* 734 N.W.2d 650, 654 (Minn.2007), *overruled on other grounds by State v. Fleck,* 810 N.W.2d 303 (Minn.2012). Nonetheless, this court may review for plain error. Minn. R.Crim. P. 31.02; *State v. Griller,* 583 N.W.2d 736, 740 (Minn.1998). Appel-

lant must show (1) error, (2) that was plain, and (3) that affected substantial rights. *Griller*, 583 N.W.2d at 740. "An error is 'plain' if it is clear or obvious." *State v. Kuhlmann*, 806 N.W.2d 844, 853 (Minn.2011). "An error affects substantial rights if the error was prejudicial and affected the outcome of the case." *Id.* Appellant bears the burden to prove the error affected his substantial rights, which is considered a "heavy burden." *State v. Hokanson*, 821 N.W.2d 340, 356 (Minn. 2012) (quotations omitted).

It is reversible error to coerce a jury into reaching a unanimous verdict. *State v. Cox*, 820 N.W.2d 540, 550 (Minn. 2012). This court reviews the district court's jury instructions as a whole to determine whether they contained material misstatements of the law or coerced the jury toward a unanimous verdict. *Id.*

Appellant challenges the district court's instruction to the jury that "[t]he foreperson will date and sign the verdict forms when you have finished your deliberations and reached a verdict. When you agree on a verdict, you should notify the Court's deputy." The standard jury instruction similarly provides that: "[t]he foreperson must date and sign the verdict form when you have finished your deliberations and reached a verdict. When you agree on a verdict, notify the (bailiff) (jury attendant)." 10 *Minnesota Practice*, CRIMJIG 3.04 (2006). Appellant does not argue that the standard jury instruction misstates the law; therefore, the district court did not plainly err by giving this instruction to the jury.

## DECISION

Because the Minneapolis ordinance that restricts the volume of amplified sound from vehicles is neither vague nor overbroad, we conclude that it is constitutional. And because the evidence was sufficient to sustain appellant's conviction, and the district court properly instructed the jury, we affirm.

**Affirmed.**