*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1661**

Mohamed Shaaban Sultan,
Relator,

vs.

City of St. Paul,
Respondent.

**Filed June 17, 2024
Affirmed
Kirk, Judge[*]**

City of St. Paul
RES 23-1381

Craig J. Beuning, Beuning Law, PLC, St. Paul, Minnesota (for relator)

Lyndsey M. Olson, St. Paul City Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Schmidt, Presiding Judge; Worke, Judge; and Kirk, Judge.

**NONPRECEDENTIAL OPINION**

**KIRK**, Judge

In this certiorari appeal, relator argues that respondent-city's order to suspend his tobacco license and impose administrative costs (1) was arbitrary, capricious, and

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

unsupported by substantial evidence and (2) violated his due-process rights because the city ordinances at issue were unconstitutionally vague. We affirm.

## FACTS

Relator Mohamed Shaaban Sultan is the responsible party for a tobacco license held by the grocery store that he owns and operates in St. Paul. In January 2023,[1] respondent City of St. Paul (the city) received a complaint alleging that relator's store was "selling flavored tobacco products . . . without Tax Stamps from a bag behind the counter" in violation of St. Paul, Minn., Legislative Code (SPC) § 324.07(j) (2023).

In February 2023, inspectors from the city and the Minnesota Department of Revenue visited relator's store and reported that they found numerous flavored tobacco products in two black bags near the sales counter. The city subsequently sent relator a notice of violation informing him that it would seek a ten-day suspension of his tobacco license, the presumptive penalty for a first-time violation under SPC § 324.10 (2021). Relator requested an administrative hearing to contest the proposed sanction, and the matter came before an administrative-law judge (ALJ) in July 2023.

At the administrative hearing, relator testified that the prohibited items belonged to his sublessee, Melvin Galloway. Relator testified that Galloway entered the store on the day of the inspection with the bags of prohibited items, placed the bags near the sales counter, and walked back to the deli area. According to relator, that is when the inspectors entered the store and discovered the prohibited items. Galloway wrote a letter that was

---

[1] The parties and the ALJ state that the date of the complaint was Dec. 31, 2023. However, the complaint shows an "in date" of "1/31/23."

2

admitted at the hearing in which he claimed ownership of the prohibited items and supported relator's account of events.

Following the hearing, the ALJ issued findings of fact, conclusions of law, and a recommendation that the city council find that relator violated SPC § 324.07(j) and impose the presumptive ten-day suspension of his tobacco license. The ALJ found that relator and Galloway's version of events was not credible because it contradicted the physical evidence and because Galloway was biased towards relator due to owing him $7,500 in unpaid rent, a debt that Galloway may have tried to repay through a fabricated story.

Relator submitted a memorandum to the city council objecting to the ALJ's factual findings and legal conclusions. In October 2023, the city council held a hearing at which counsel for relator and the city presented oral argument. The city council voted unanimously to adopt the ALJ's recommendation and to require relator to pay $4,415 for the cost of the administrative hearing under SPC § 310.03(k) (2022).

Relator filed this certiorari appeal.

**DECISION**

I.    **The city's decision to suspend relator's tobacco license is supported by substantial evidence and is not arbitrary or capricious.**

Relator appears to contend that the city council's decision (1) was not supported by substantial evidence because it adopted the ALJ's credibility determination, which was based on an incorrect understanding of the facts and (2) was arbitrary and capricious because it failed to consider the issues of ownership and possession of the flavored tobacco products under SPC § 324.03(10) (2023). We are not persuaded.

3

Appellate courts "review a quasi-judicial decision made by a municipality under a limited and nonintrusive standard." *Reetz v. City of St. Paul*, 956 N.W.2d 238, 247 (Minn. 2021) (quotation omitted). "City council decisions enjoy a presumption of correctness and will be reversed only when they reflect an error of law or when the findings are arbitrary, capricious, or unsupported by substantial evidence." *In re Krenik*, 884 N.W.2d 913, 916 (Minn. App. 2016) (quotation omitted), *aff'd* (Minn. Nov. 1, 2017). A city council's decision may be deemed arbitrary and capricious only if: (1) the decision "relied on factors not intended by the ordinance;" (2) it "entirely failed to consider an important aspect of the issue;" (3) it "offered an explanation that conflicts with the evidence;" or (4) the decision "is so implausible that it could not be explained as a difference in view or the result of the city's expertise." *Rostamkhani v. City of St. Paul*, 645 N.W.2d 479, 484 (Minn. App. 2002).

Evidence is considered "substantial" when "a reasonable mind might accept [it] as adequate to support a conclusion. It must be more than a scintilla, some, or any evidence." *Minneapolis Police Dep't v. Kelly*, 776 N.W.2d 760, 765 (Minn. App. 2010) (quotation omitted), *rev. denied* (Minn. Mar. 30, 2010). This court may examine the findings to determine if they support the decision, but we do "not retry facts or make credibility determinations," and we will uphold the council's decision so long as the council "furnished any legal and substantial basis for the action taken." *Staeheli v. City of St. Paul*, 732 N.W.2d 298, 303 (Minn. App. 2007).

**A.      Substantial evidence supports the city council's decision.**

Relator argues that, because the ALJ's recommendation is "rife with factual errors and conflicting statements that challenge the ALJ's credibility determination," the city council's decision is not supported by substantial evidence. Specifically, relator challenges the ALJ's factual findings that investigators found the two bags of prohibited items behind the counter, as stated in the complaint, despite Galloway stating in his letter that he left the bags 15 feet from the register.

Initially, relator's argument asks us to set aside the lower tribunal's credibility determination, which we cannot do under our limited scope of review. *Id.* Moreover, the record provides ample support for the ALJ's determination that relator had violated SPC § 324.07(j). Two days prior to the inspectors' visit, the city received a complaint that someone in relator's premises was selling flavored tobacco products "from a bag behind the counter." The inspectors then reported that, consistent with the complaint, they found the prohibited items "behind the counter" and relator told the city inspector that Galloway left the bags "behind the register."

Additionally, the ALJ understandably did not credit relator's story that, purely by coincidence, Galloway brought the two bags of prohibited items into relator's store just before the investigators arrived. Not only does this account fail to explain why a bag with flavored tobacco would have been in relator's premises two days before the investigation, as alleged in the complaint, but the record supports the ALJ's finding that Galloway may have tried to take the blame in order to repay his $7,500 debt to relator, a debt which caused relator to terminate Galloway's lease.

5

The city council made its decision based on a record that included the complaint; the ALJ's findings, conclusions, and recommendation; statements from relator and Galloway; the city investigator's report; and documentation of the illegal flavored tobacco products. Because this evidence would allow a reasonable mind to conclude that relator illegally sold flavored tobacco products, the city council's decision is supported by substantial evidence. *Kelly*, 776 N.W.2d at 765.

**B.    The city council's decision was not arbitrary and capricious.**

Relator appears to assert that the city council's decision to revoke his tobacco license was arbitrary and capricious because (1) it interpreted the term "possession" to include both actual and constructive possession even though possession is not defined by SPC § 324 (2023) and (2) there is no evidence that he participated in a "sale" of flavored tobacco products under SPC § 324.03(10). We are not convinced.

"The interpretation and application of a city ordinance is a question of law[] which we review de novo." *Staeheli*, 732 N.W.2d at 307. The rules governing statutory interpretation apply to city ordinances. *Cannon v. Minneapolis Police Dep't*, 783 N.W.2d 182, 192-93 (Minn. App. 2010). We therefore first determine whether the ordinance is "reasonably subject to more than one interpretation." *Id.* at 193. If the language is unambiguous, we must give effect to the ordinance's plain meaning. *Id.*

The city cited relator for violating SPC § 324.07(j), which provides that, unless an exception applies, "[n]o person may sell, offer for sale, or otherwise distribute any flavored [tobacco] products." Under SPC § 324.03(10), "sale" is defined as "any transfer, conditional or otherwise, of title or possession."

6

### i. *The city's interpretation of "possession" is not arbitrary or capricious.*

Although the SPC does not define "possession," both a plain reading and the underlying purpose of SPC § 324 demonstrate that possession includes both actual and constructive possession. Proving "actual possession" requires showing that an individual had "direct physical control" of the prohibited items. *State v. Barker*, 888 N.W.2d 348, 353 (Minn. App. 2016) (quotation omitted). Meanwhile, "[c]onstructive possession is usually said to mean the legal right to possession which follows from title." *State v. Simion*, 745 N.W.2d 830, 842 (Minn. 2008) (quotation omitted). Because an individual could "sell, offer for sale, or otherwise distribute" flavored tobacco products without having direct physical control of them, a plain reading of SPC § 324.07(j) shows that constructive possession is sufficient to sustain a violation.

Relator cites *In re Minn. Dep't of Nat. Res. Special Permit No. 16868* to argue that the SPC was required to define possession. 867 N.W.2d 522 (Minn. App. 2015), *rev. denied* (Minn. Oct. 20, 2015). In that case, we analyzed the meaning of "possess" as used by Minn. Stat. § 97A.401, subd. 3(a) (2014), which governed special permits for "possessing" wild animals. *Id.* at 527. We ultimately concluded that, although the term "possession" was ambiguous in that context, placing a radio collar on a wild bear amounted to constructive possession of the bear. *Id.* at 530, 532.

*Special Permit* is distinguishable. Because the statute at issue in that case explicitly defined possession as either actual or constructive possession, the issue was whether relator's specific conduct amounted to constructive possession. *Id.* at 527. Conversely, here relator argues that the city ordinance does not clearly prohibit constructive possession.

7

Further, Minnesota courts have consistently acknowledged that for statutes addressing illegal contraband, the general term "possession" encompasses both actual and constructive possession. *See, e.g.*, *Simion*, 745 N.W.2d at 841 (concluding that, although Minnesota's theft statute did not define possession, evidence demonstrating defendant's constructive possession supported his conviction); *State v. Arnold*, 794 N.W.2d 397, 403 (Minn. App. 2011) (noting that drug statute prohibiting "possession" includes both actual and constructive possession "to avoid the absurdity of a drug possessor escaping the statute's reach simply by tactically distancing [themselves] from physical possession."). We therefore conclude that SPC § 324 encompasses constructive possession of flavored tobacco products.

ii.     ***The record supports that relator facilitated a "sale" of flavored tobacco.***

Relator asserts that the record does not support that there was a "sale" of flavored tobacco products because there was no evidence demonstrating a "transfer" of "possession" under SPC § 324.03(10). We disagree.

The complaint specifically alleges that someone on relator's premises was "selling" flavored tobacco products from a bag behind the counter, an allegation supported by the inspectors' follow-up investigation. Additionally, the city did not need evidence of a "transfer" to conclude that relator violated SPC § 324.07(j) because even if there was no evidence of an actual "sale," it is also a violation to "*offer* for sale or otherwise distribute any flavored products." (Emphasis added.) The evidence in the record shows that, on at least two different occasions, there were bags of flavored tobacco products behind the counter at relator's store, supporting that relator at least offered those items for sale.

8

Because the evidence in the record would allow a reasonable mind to conclude that relator constructively possessed the flavored tobacco products found at his store and that he offered or otherwise distributed those items, the city council's determination that relator violated SPC § 324.07(j) was not arbitrary and capricious. *Kelly*, 776 N.W.2d at 765.

## II. The city ordinances are not void for vagueness.

Relator appears to contend that the SPC ordinances are void for vagueness because (1) SPC § 324 does not define "possession" as either actual or constructive possession and (2) the city's penal ordinances did not provide fair warning that the facts of his case could constitute a violation of SPC § 324.07(j). We are not persuaded.

"Vague statutes are prohibited under the due process clause of the fourteenth amendment." *Hard Times Cafe, Inc. v. City of Minneapolis*, 625 N.W.2d 165, 171 (Minn. App. 2001) (quotation omitted); U.S. Const. amend. XIV, § 1; Minn. Const. art. I, § 7. Whether an ordinance is constitutional is a question of law which we review de novo. *Id.* Municipal ordinances are presumed constitutional and "[t]he burden of proving that an ordinance is unreasonable rests on the party attacking its validity." *Id.* (Quotation omitted). An ordinance is unconstitutionally vague if it "defines an act in a manner that encourages arbitrary and discriminatory enforcement" or is "so indefinite that people must guess at its meaning." *Id.* (Quotations omitted). An ordinance is not vague merely because it uses general language. *Id.* Ordinances that are "flexible and reasonably broad will be upheld if it is clear what the ordinance, as a whole, prohibits." *State, City of Minneapolis v. Reha*, 483 N.W.2d 688, 691 (Minn. 1992).

9

**A.    SPC § 324 is not void for vagueness.**

As discussed above, SPC § 324 prohibits both actual and constructive possession for violations charged under SPC § 324.07(j).  The ordinance's use of the general term "possession" to describe both actual and constructive possession of flavored tobacco products does not make it unconstitutionally vague. *Hard Times Cafe*, 625 N.W.2d at 171; *Arnold*, 794 N.W.2d at 403.  SPC § 324 provides fair warning of the prohibited conduct and is therefore not void for vagueness.  *Reha*, 483 N.W.2d at 691; *State v. McElroy*, 828 N.W.2d 741, 745 (Minn. App. 2013), *rev. denied* (Minn. June 26, 2013).

Relator also argues that the term "possession" is vague because it is unclear if he could have "possessed" items found on his premises that his sublessee, Galloway, claimed to own.  This argument is premised on the assumption that Galloway actually owned the prohibited items.  The ALJ found that this assumption was not credible and therefore did not address relator's hypothetical constructive-possession argument.  Because we do not disturb the lower tribunal's credibility determinations, relator's argument fails. *Staeheli*, 732 N.W.2d at 303.

**B.    The city's regulatory ordinances are not void for vagueness.**

Relator's constitutional challenge to the city's regulatory ordinances is also unpersuasive.  The city suspended relator's tobacco license for ten days under the tobacco-presumptive-penalties matrix in SPC § 310.03(m)(3) (2022).  The matrix plainly states that the presumptive penalty for a first violation of the prohibition against flavored tobacco products is a ten-day license suspension.  Similarly, under SPC § 310.03(k), the city council "may impose upon any licensee or license applicant some or all of the costs of a

10

contested hearing before an independent examiner." That ordinance also provides several situations in which the council could impose the costs of a contested hearing, including if "the position, claim or defense of the licensee . . . was frivolous" or "the . . . licensee was sufficiently in control of the situation and therefore could have reasonably avoided the violation." SPC § 310.03(k)(i, v).

Here, the city notified relator following its investigation that it would seek the presumptive ten-day suspension of his tobacco license under SPC § 310.03(m)(3). The city informed relator that he had the right to request a contested hearing before an ALJ, but that he may be required to pay the costs of the hearing under SPC § 310.03(k). The city council then imposed the administrative costs on relator after the city attorney argued that relator's violation was blatant and that his story was not credible, arguments which would support imposing administrative costs under SPC § 310.03(k)(i, v). The plain language of the regulatory ordinances provided relator with fair warning of the presumptive penalties under SPC § 310.03(m)(3) and the risk of being required to pay the costs of a contested hearing under SPC § 310.03(k). *See Reha*, 483 N.W.2d at 691. Additionally, section 310.03(k) does not appear to promote arbitrary enforcement because the city may only impose administrative-hearing costs in limited situations. The ordinance therefore withstands constitutional scrutiny. *See Hard Times Cafe*, 625 N.W.2d at 171.

Finally, relator asserts that the regulatory ordinances were vague because they failed to provide notice that "ownership by a sublessee of prohibited items on the premises constitutes a violation of [SPC] § 324.07(j)." However, as previously discussed, adopting this argument would require us to assume that Galloway actually owned the items, a

11

proposition which is rejected by the ALJ's factual findings and credibility determinations. Because it would exceed this court's scope of review to conclude that Galloway owned the prohibited items, relator's argument fails. *Staeheli*, 732 N.W.2d at 303.

**Affirmed.**