# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-1429
Filed May 13, 2026

———————————

**Guy Dell Sudduth,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

———————————

Appeal from the Iowa District Court for Black Hawk County,
The Honorable Alan Heavens, Judge.

———————————

**AFFIRMED**

———————————

Martha J. Lucey, State Appellate Defender, and Ella M. Newell (argued),
Assistant Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Aaron Rogers (argued), Assistant
Attorney General, attorneys for appellee.

———————————

Heard at oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Chicchelly, J. Bower, S.J., takes no part.

**CHICCHELLY, Judge.**

Guy Dell Sudduth Jr. appeals the summary disposition of his application for postconviction relief (PCR) from his 2005 convictions for criminal transmission of human immunodeficiency virus (HIV). He challenges the factual basis for his guilty plea, arguing that the Iowa Supreme Court's holding in *Rhoades v. State*, 848 N.W.2d 22 (Iowa 2014), applies retroactively. For the first time on appeal, Sudduth also claims that his actual innocence makes his sentence unconstitutional. We affirm on both claims.

## BACKGROUND FACTS AND PROCEEDINGS

In 2005, the State charged Sudduth with two counts of criminal transmission of HIV, in violation of Iowa Code section 709C.1 (2005),[1] and seven counts of third-degree sexual abuse that occurred between August 2004 and March 2005. The counts of criminal transmission of HIV involved separate victims. Although the victims' memories were incomplete because they were incapacitated from drugs or alcohol, the minutes of testimony recount what each could recall. The first victim alleged that Sudduth engaged in anal sex as the receptive partner, tried to receive oral sex, and twice performed oral sex. The second victim alleged that Sudduth performed oral sex.

To convict Sudduth of criminal transmission of HIV, the State had to prove that Sudduth "[e]ngage[d] in intimate contact with another person" knowing that he was HIV positive. Iowa Code § 709C.1(1)(a). "Intimate contact" was defined as "intentional exposure of the body of one person to a

---

[1] The legislature has since repealed section 709C.1 and replaced it with section 709D.3, which criminalizes the act of exposing an uninfected person to a contagious or infectious disease with the intent of transmitting it to the uninfected person. *See* 2014 Iowa Acts ch. 1119, §§ 3, 9 (effective May 30, 2014).

body fluid of another person in a manner that could result in the transmission of [HIV]." *Id.* § 709C.1(2)(b). To prove HIV "could" be transmitted, the State had to show "that transmission of the HIV from the infected person to the exposed person was *possible* considering the circumstances." *State v. Keene*, 629 N.W.2d 360, 365 (Iowa 2001).

Sudduth entered *Alford* pleas[2] to both counts of criminal transmission of HIV and three of the counts of third-degree sexual abuse, and the State dismissed the remaining charges. At the plea hearing, the court explained what the State had to prove for a jury to find him guilty of criminal transmission of HIV:

> COURT: The State would be required to prove that between August 2004 and March 2005, in this county and state, you knew that you had a human immunodeficiency virus status and that you engaged in an intimate relationship with another person. Do you understand that?
>
> DEFENDANT: Yes.

The law at the time allowed the court to "take judicial notice of the fact that the HIV may be transmitted through contact with an infected individual's blood, semen or vaginal fluid, and that sexual intercourse is one of the most common methods of passing the virus." *Id.* at 365–66. So based on Sudduth's statements and the minutes of testimony, the court found there was a factual basis for Sudduth's pleas. It sentenced Sudduth to twenty-five-year terms of incarceration for each criminal-transmission conviction and ten-year terms of incarceration for each sexual-abuse conviction, ordering

---

[2] An *Alford* plea allows a defendant to consent to the imposition of a sentence without admitting participation in the crime. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

that Sudduth serve the sentences consecutively for a total of eighty years in prison.

The supreme court changed the court's ability to take judicial notice of facts not appearing in the record in finding a factual basis for a guilty plea to criminal transmission of HIV when it decided *Rhoades* in 2014. 848 N.W.2d at 25. The appellant in *Rhoades* pled guilty to criminal transmission of HIV for a sexual encounter that occurred in 2008. *Id.* He unsuccessfully applied for PCR, claiming his trial attorney was ineffective for not challenging the factual basis for his guilty plea. *Id.* at 26. On appeal, the supreme court held that transmission "must be reasonably possible under the facts and circumstances of the case" rather than theoretical. *Id.* at 28. It also found that evidence from Rhoades's PCR hearing showed there had been "great strides in the treatment and the prevention of the spread of HIV from 2003 to 2008." *Id.* at 32. As a result, it held that it could no longer "take judicial notice that an infected individual can transmit HIV when an infected person engages in protected anal sex with another person or unprotected oral sex, regardless of the infected person's viral load." *Id.*

Sudduth applied for PCR in October 2014, challenging the factual basis for his plea in the wake of *Rhoades*. The district court dismissed the application as time-barred because Sudduth filed it beyond the three-year limitation period set out in section 822.3. Sudduth appealed, arguing that for the statute-of-limitations purposes, *Rhoades* created new law that he could not have raised within the limitation period. *Sudduth v. State*, No. 15-1816, 2017 WL 1278239, at *1 (Iowa Ct. App. Apr. 5, 2017). Agreeing that Sudduth's claim fell under the "ground of law" exception to the three-year limitation period, we reversed the dismissal of his application and remanded for a PCR hearing. *Id.* at *2.

After remand, Sudduth amended his PCR application to add a claim of actual innocence. Due to a series of requested continuances, the PCR action was not resolved until almost five years later when the court granted the State's motion for summary disposition and dismissed Sudduth's petition with prejudice.

## SCOPE AND STANDARD OF REVIEW

We review PCR applications for errors at law. *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). But when a PCR applicant alleges a constitutional violation, our review is de novo. *Id.*

In reviewing summary disposition of a PCR action, we use the same standards applied in reviewing summary judgment. *Id.* In other words, summary disposition is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* As the moving party, the State bears the burden of showing there is no genuine dispute as to the material facts. *See id.* We review the evidence in the light most favorable to Sudduth and draw all legitimate inferences from the record in his favor. *See id.* at 142–43.

## DISCUSSION

In challenging the order granting summary disposition of his PCR application, Sudduth raises two claims. First, he contends he is entitled to PCR because there was no factual basis for his pleas based on *Rhoades*, which must be applied retroactively. Second, he renews his claim of actual innocence, albeit on a different ground than argued below.

## I. Does *Rhoades* invalidate the factual basis for Sudduth's *Alford* pleas?

When Sudduth entered his pleas in 2005, the law allowed the court to take judicial notice that an infected person could spread HIV through protected anal sex or unprotected oral sex, regardless of the viral load. *See Rhoades*, 848 N.W.2d at 32. Taking judicial notice of this fact, the minutes of evidence provided a factual basis for Sudduth's pleas. The supreme court has since held that medical advances between 2003 and 2008 raise questions about whether that was still true in 2009. *Id.* at 32–33. Sudduth contends that this holding applies retroactively, undercutting the factual basis for his own pleas.

"[T]he threshold question in considering whether federal due process requires a judicial decision be applied to postconviction relief proceedings is whether the decision is substantive or procedural." *Goosman v. State*, 764 N.W.2d 539, 542 (Iowa 2009). If substantive, we ask whether it clarified or changed the law. *Id.* Decisions clarifying existing law apply retroactively. *Id.* Changes in the law apply prospectively only. *Id.*

This court has addressed whether *Rhoades* applies retroactively.[3] Jimmy Stevens unsuccessfully applied for PCR from a 2004 conviction for criminal transmission of HIV. *Stevens III*, 2018 WL 5843527, at *1. After *Rhoades*, Stevens filed a second PCR application, which the district court dismissed on statute-of-limitation grounds. *Stevens II*, 2016 WL 1696909, at

---

[3] A trio of appeals addressed Jimmy Stevens's conviction for criminal transmission of HIV: *State v. Stevens* (*Stevens I*), 719 N.W.2d 547, 548–52 (Iowa 2006) (direct appeal), *Stevens v. State* (*Stevens II*), No. 15-1033, 2016 WL 1696909, at *3 (Iowa Ct. App. Apr. 27, 2016) (first PCR dismissal), and *Stevens v. State* (*Stevens III*), No. 16-2112, 2018 WL 5843527, at *1 (Iowa Ct. App. Nov. 7, 2018) (second PCR dismissal).

*3. This court held that although *Rhoades* never expressly overruled the decisions allowing the court to take judicial notice of how HIV may be transmitted, "it was not merely 'a clarification of the law' or 'an application of preexisting law.'" *Id.* at *3.

> The Rhoades decision was a change in the law regarding the evidence the State needed to offer to meet its burden of proof to sustain a conviction for criminal transmission of HIV. In addition, this change affects the validity of Stevens's conviction. What the jury was once able to accept as common knowledge with no further proof required from the State now requires the State to offer expert medical testimony on the likelihood of transmission of HIV. Until the *Rhoades* decision was issued, it was established law that oral sex is a manner of transmission of HIV and the State did not need to offer further proof to establish the "intimate contact" element of the crime.

*Id.* (cleaned up). Because *Rhoades* changed the law and could not have been raised within the three-year period for filing for PCR, this court held that the time bar did not apply and reversed the dismissal of Stevens's PCR application. *Id.* Because the parties had not addressed whether *Rhoades* should be retroactively applied to Stevens, the court remanded the case to allow the district court to answer that question.[4] *Id.* at *4.

On remand, the district court found that *Rhoades* did not retroactively apply to Stevens and again dismissed his PCR application. *Stevens III*, 2018 WL 5843527, at *1. Stevens appealed, arguing that "the due process clause of the state constitution and the equal protection clauses of the federal and state constitutions" require retroactive application of *Rhoades*. *Id.* at *2. This court affirmed the dismissal on appeal, holding that due process did not mandate retroactive application of *Rhoades*. *Id.* at *6.

---

[4] This court relied on *Stevens II* in reversing the dismissal of Sudduth's PCR action in his first appeal. *Sudduth*, 2017 WL 1278239, at *2.

7

> Because the *Rhoades* case falls squarely within the class of cases for which federal courts have decided due process does not require retroactivity, we find no compelling reason to depart from the federal analysis the supreme court used in *Goosman* and subsequently applied in interpreting the state due process clause in *Nguyen*. [*See Nguyen v. State*, 828 N.W.2d 744, 756 (Iowa 2016)]. To the extent Stevens provides us with an alternative framework, we find the federal framework more compelling. *See id*. We therefore hold the due process clause of the Iowa Constitution does not require the retroactive application of *Rhoades* to individuals whose direct appeals were final prior to the decision.

*Id*. at *3. The court also held that prospective application of *Rhoades* did not violate Stevens's equal protection rights under the state or federal constitution. *Id*. at *4.

Sudduth contends that the due process protections afforded by our state and federal constitutions require retroactive application of *Rhoades*. The district court rejected this argument based on *Stevens III*.

> The problem for Sudduth is that *Stevens III* concluded that *Rhoades* does not apply retroactively. While *Stevens* is only persuasive authority (as opposed to binding authority), Sudduth does not attack the reasoning used in the case, or any of the binding precedent referenced throughout the analysis. Instead, Sudduth points out differences between his case and Stevens's such as when their petitions were filed. Those are distinctions that don't make any difference.
>
> Sudduth has given this court no legitimate reason not to apply *Stevens III* to his case. And courts do not play a "partisan role." So this court cannot create reasons to avoid the application of *Stevens III* that Sudduth didn't advance. The bottom line is that *Rhoades* doesn't apply retroactively.

(Footnotes omitted.)

Sudduth argues that *Rhoades* applies retroactively because it clarified two points of law: (1) the kind of behavior that qualifies as "intimate contact" and (2) the court's ability to take judicial notice of that fact. Assuming that

Sudduth is correct on the first point, *Rhoades* changed the court's ability to take judicial notice of that fact. In other words, the holding in *Rhoades* is a change in process, not a clarification of the law. This court rejected retroactive application of *Rhoades* in *Stevens III*. As the district court noted, Sudduth has not advanced any reason to reject our prior holding. We therefore affirm.

## II.     Are claims of actual innocence subject to the statute of limitations?

Sudduth also contends he should be granted PCR because of his actual innocence. Although he raised a claim of actual innocence below, Sudduth concedes that he is not relying on any of the grounds he argued in district court. Instead, Sudduth claims for the first time on appeal that he is factually innocent of one count of criminal transmission of HIV by performing oral sex on the victim because HIV cannot be spread by exposure to saliva.

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) (citation omitted). Sudduth argues that his claim is that of an illegal sentence, which can be raised at any time. *See State v. Bruegger*, 773 N.W.2d 862, 872 (Iowa 2009) (allowing a claim that a sentence is inherently illegal based on constitution or statute to be brought at any time). But not all constitutional claims violations result in illegal sentences. *Id.* at 871. Litigants cannot reassert or raise constitutional challenges to their underlying conviction for the first time on appeal. *Id.* Because Sudduth's claim that his sentence is illegal because he is innocent challenges his underlying conviction, it is not preserved for the court's review.

Even setting aside the error-preservation concerns, there are other impediments to Sudduth's claim. First, it presumes that *Rhoades* applies

retroactively, an argument we reject in part I. Second, the claim falls outside the three-year limitation period of section 822.3. *See Schmidt v. State*, 909 N.W.2d 778, 798–99 (Iowa 2018) (recognizing that actual-innocence claims are limited by the requirements of section 822.3). Sudduth claims that his PCR attorney was ineffective by not raising the issue of applying the statute of limitations to free-standing claims of actual innocence below and seeking partial reversal of *Schmidt*. Even if PCR counsel had done so, only the Iowa Supreme Court is at liberty to overrule its prior holdings. *Bomgaars v. State*, 967 N.W.2d 41, 48 n.4 (Iowa 2021) ("[L]ower courts in Iowa are [not] at liberty to anticipatorily overrule this court's precedent.").

## CONCLUSION

Because the *Rhoades* holding does not apply retroactively to Sudduth, the district court properly granted summary disposition of his PCR application. Sudduth has not preserved error for the actual-innocence claim he raises on appeal. We therefore affirm.

**AFFIRMED.**